**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**JEFFREY O'QUINN,**

**Plaintiff,**

**v.**

**DAVE RUEBHAUSEN, et al.,**

**Defendants.**                                    **No. 05-CV-746-DRH**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

## I.  <u>Background</u>

On October 17, 2005, Plaintiff Jeffrey O'Quinn ("Plaintiff") filed a pro-se suit against six Defendants: Granite City Chief of Police Dave Ruebhausen, Illinois Department of Children and Family Services Director Bryan Samuels, Madison County State Attorney William Mudge, Madison County Chief Public Defender John Rekowski, Catholic Social Services Director Dave Wenzel, and Illinois Governor Rod Blagojevich.  (Doc. 1.)  Plaintiff sues under **42 U.S.C. § 1983**, alleging twenty-one distinct constitutional violations.  He seeks, among other relief, $600 million in damages.  Now before the Court are his motions for leave to proceed in forma pauperis (Doc. 2) and for service of process at the government's expense (Doc. 4).

## II.  <u>Analysis</u>

By granting an in-forma-pauperis motion, a court authorizes a lawsuit to proceed without prepayment of fees.  *See* **28 U.S.C. § 1915**.  For many years,

federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious.  The Prison Litigation Reform Act ("PLRA"), however, significantly changed the district court's responsibilities in reviewing pro-se complaints and in-forma-pauperis motions.  As the Seventh Circuit has clarified, the PLRA "changed **§ 1915** not only for cases brought by prisoners, but in some respect for all indigent litigants." ***Hutchinson v. Spink,* 126 F.3d 895, 899 (7th Cir. 1997)**.  Under the PLRA, the Court must screen the complaints of all indigents (including nonprisoners) and dismiss a complaint if (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the action fails to state a claim upon which relief can be granted, or (iv) the action seeks monetary relief against a defendant who is immune from such relief.  **28 U.S.C. § 1915(e)(2)**.[1]

Based on the information supplied by Plaintiff, the Court is satisfied that Plaintiff is indigent.  Furthermore, although the Court takes notice that in addition to this twenty-one claim, $600-million action, Plaintiff has recently filed two cases in

---

[1]As the Sixth Circuit has explained,

[u]nlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2) . . . .  Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2).  The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners.

***In re Prison Litig. Reform Act,* 105 F.3d 1131, 1134 (6th Cir. 1997)** (citation omitted).

this District seeking $800 million and $100 trillion,[2] respectively, the Court is unable to say, at this juncture, that Plaintiff's pro-se complaint is on the whole frivolous or malicious.  That leaves **section 1915(e)(2)**'s failure-to-state-a-claim and immunity inquiries.

### A.     Immunity

Plaintiff brings suit against several individuals, two of whom — public defender John Rekowski and state attorney William Mudge — are clearly immune. At this time, the Court is unable to determine whether any of the other Defendants possess immunity.

Plaintiff's claims against Chief Public Defender John Rekowski are improper.  In order to sustain a **section 1983** action, a plaintiff necessarily must allege that the defendant acted under color of state law.  **42 U.S.C. § 1983**; ***Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003)**.  When performing a lawyer's traditional functions, however, public defenders do not act under color of state law, and thus are not amenable to 1983 suits.  ***Polk County v. Oregon*, 454 U.S. 312, 325 (1981)**; *see also* ***Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995)**.  Here, Plaintiff claims that Rekowski violated his constitutional rights though the conduct of his assistant, who, among other things, refused to petition the state for redress and "denied the children of Plaintiff and Plaintiff equal protection of the laws."  These

---

[2] Those cases are styled **O'Quinn v. Delaney et al., Case No. 05-CV-748-DRH**, and **O'Quinn v. Exxon Mobil Corporation et al., Case No. 05-CV-834-GPM**.

alleged constitutional violations occurred during the course of the assistant's legal representation of Plaintiff, and relate strictly to tasks traditionally performed by lawyers.   As such, **section-1983** liability will not lie.   Plaintiff's claims against Rekowski must be dismissed.

Plaintiff's claims against state attorney William Mudge are also improper.  As a rule, prosecutors are immune from **section-1983** monetary damages for conduct that is "intimately associated with the judicial phase of the criminal process."  ***Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003)**.   Absolute immunity shields prosecutors when they act as "advocate[s] of the State," even if they act "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence."  ***Id.*** (citing ***Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)**).   "These standards also apply to a prosecutor's acts in initiating *civil* proceedings as long as the prosecutor is 'functioning in an enforcement role analogous to' his role in criminal proceedings."  ***Smith*, 346 F.3d at 742** (citations omitted) (emphasis in original).   Here, Plaintiff's sues Mudge, an Illinois state attorney, for, among other things, "taking [Plaintiff's children] away from the Plaintiff on false complaints with no merit."   Given this statement — which, because of Plaintiff's reference to "false complaints," the Court presumes relates to Mudge's judicially related duties as a state attorney — and given that there is no information in the complaint to suggest that Mudge was involved in the actual taking of Plaintiff's children, the Court assumes Plaintiff's difficult-to-parse allegations

against Mudge concern judicially related conduct that was intimately aligned with the judicial process. As such, Plaintiff's claims against Mudge cannot stand. The Court will, however, allow Plaintiff until February 10, 2006 to amend his allegations against Mudge to correct the Court's above interpretation of his complaint, if faulty.

### B.   Failure to state a claim

The standard for failure to state a claim under **section 1915(e)(2)(B)(ii)** mirrors the standard employed in the **Federal Rule of Civil Procedure 12(b)(6)** context. ***Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000)**. The ability of a complaint to survive a **Rule 12(b)(6)** challenge, in turn, hinges on its ability to comport with **Federal Rule of Civil Procedure 8(a)(2)**, which states that a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." ***Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005)**. A complaint will be dismissed for failure to state a claim under this rule "only if no relief could be granted under any set of facts that could be proved consistent with the allegations." ***Id.*** (citing ***Dewalt*, 224 F.3d at 612**).

It is well established that pro-se complaints are liberally construed. ***McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)**; *see also* ***Hughes v. Rowe*, 449 U.S. 5, 9 (1980)**. Under this forgiving lens, the Court cannot determine, at this time, whether Plaintiff has failed to state claims against the remaining Defendants, with one exception: Governor Blagovich.

In order to recover damages under **section 1983**, "a plaintiff must

establish that a defendant was personally responsible for the deprivation of a constitutional right." ***Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)** (citing ***Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)**).  Though "'an official satisfies the personal responsibility requirement of **section 1983** . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent,'" "some causal connection or affirmative link between the action complained about and the official sued is necessary for **§ 1983** recovery." ***Gentry*, 65 F.3d at 561** (citations omitted).

Here, Plaintiff has not alleged, nor do the facts even remotely suggest, that Governor Blagovich was personally responsible for the harms Plaintiff alleges were visited upon him.  Even under the more liberal pleading standard used when evaluating pro-se complaints, Plaintiff does not allege the beginnings of a causal connection between Governor Blagovich and the conduct giving rise to the bulk of his claims.  Furthermore, to the extent Plaintiff argues that Governor Blagovich's failure to respond to Plaintiff's letters or calls, or otherwise investigate his complaints, somehow rises to a constitutional violation, the Court rejects such argument as frivolous.  An individual has no right, under the First, Eighth, or Fourteenth Amendment, to the sort of personalized  inquiry and response Plaintiff requests.

## III.  <u>Conclusion</u>

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to proceed in forma pauperis.  (Doc. 2.)   The Court

**DISMISSES with prejudice** Plaintiff's claims against Defendants Rekowski and Blagovich.   The Court **DISMISSES without prejudice** Plaintiff's claims against Defendant Mudge, allowing Plaintiff until February 10, 2006 to amend his allegations against that Defendant.   The Court **GRANTS** pauper status to Plaintiff with regard to his remaining claims.   Further, the Court **GRANTS** Plaintiff's motion for service of process.   The Court **DIRECTS** the Clerk's Office to prepare, issue, and serve summonses for Defendants Ruebhausen, Samuels, and Wenzel.

**IT IS SO ORDERED.**

Signed this 4th day of January, 2006.


/s/          David RHerndon
**United States District Judge**