IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEFFREY O'QUINN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No.  **05-746-DRH** |
| | ) | |
| **DAVE RUEBHAUSEN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

**PROUD, Magistrate Judge:**

Before the Court are three motions filed by pro se plaintiff O'Quinn: (1) "Motion for Default" (Doc. 62); (2) "Motion for Report and Recommendations to Clerk's Judgment Under United States Constitutional Law" (Doc. 63); and (3) "Motion Mandamus" (Doc 64).

A review of the record reveals that plaintiff's three motions were filed after the Court entered final judgment dismissing this case with prejudice.  (Doc. 61).  Despite what the captions of the motions may suggest, all three motions are moot.  Each motion will be addressed in turn in an attempt to clarify the status of the case for the pro se plaintiff.

The "Motion for Default" (Doc. 62) seeks entry of default and default judgment as to defendants Samuels and Wenzel for their failure to appear at a settlement conference scheduled for February 8, 2007, before the undersigned magistrate judge.  Plaintiff contends that the Court's judgment was entered only as to defendant Ruebhausen, because Ruebhausen was the only defendant to move to strike the complaint.

Defendant Ruebhausen was the only defendant to move for dismissal.  U.S. District Judge David R. Herndon granted that motion and struck the complaint due to plaintiff's failure to

file a more definite statement as ordered, and for failure to prosecute this action. Consequently, with no viable complaint, the entire case was dismissed with prejudice– meaning that **all** claims against **all** defendants were dismissed; the case was closed. No settlement conference was held on February 8, 2007, because there was no longer a case to settle. A defendant cannot be in default if the case is closed. Therefore, plaintiff's "Motion for Default" (Doc. 62) is therefore moot.

Plaintiff's "Motion for Report and Recommendations to Clerk's Judgment Under United States Constitutional Law" (Doc. 63) is a muddle of grievances about how plaintiff's case has been handled. Plaintiff again questions the dismissal of the entire case when only defendant Ruebhausen had moved to strike the complaint; plaintiff stresses that his case is based on constitutional law; he complains that his jury demand was not reflected on the docket sheet; he seeks to have the U.S. Attorney investigate the Clerk of Court; and he requests that the Court "act in his favor" within 24 hours. This motion is moot for the same reasons plaintiff's "Motion for Default" is moot. None of the issues raised by plaintiff are actionable or relevant once the case was dismissed.

Plaintiff's "Motion Mandamus" (Doc. 64) is moot for similar reasons. The motion seeks entry of default and default judgment within 24 hours against defendants Samuels and Wenzel. Plaintiff again cites the defendants' failure to appear for a settlement conference that was never held because the case was dismissed.

**IT IS THEREFORE ORDERED** that plaintiff O'Quinn's "Motion for Default" (Doc. 62), "Motion for Report and Recommendations to Clerk's Judgment Under United States Constitutional Law" (Doc. 63), and "Motion Mandamus" (Doc 64) are all STRICKEN, as they

were filed after the action was dismissed with prejudice and do not pertain to matters that can be addressed post judgment.

**IT IS SO ORDERED.**

**DATED: June 19, 2007**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
